**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 3 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  22-50033 |
| Plaintiff-Appellee, | D.C. No. 5:21-cr-00057-JGB-1 |
| v. | |
| JESUS SANTIAGO MARTINEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted April 14, 2023
Pasadena, California

Before:  W. FLETCHER, BERZON, and LEE, Circuit Judges.

Defendant Jesus Santiago Martinez pleaded guilty to violating 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 931(a).  Officers searched his person and vehicle following a traffic stop.  They found an AK-47 rifle, an XD-45 handgun, loaded magazines, a red dot laser sight, and body armor.  At trial, Martinez moved to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

suppress the evidence as the fruit of an illegal search. After a hearing, the district court orally denied the motion. The district court said it would issue a written order, but it never did so. Martinez subsequently entered into a guilty plea. He reserved the right to appeal the suppression motion and to withdraw his guilty plea if he were to prevail on appeal. We have jurisdiction under 28 U.S.C. § 1291.

"When factual issues are involved in deciding a motion, the court must state its essential findings on the record." Fed. R. Crim. P. 12(d). This requirement is mandatory. *See United States v. Wright*, 625 F.3d 583, 602–04 (9th Cir. 2010), *superseded by statute on other grounds by* 18 U.S.C. § 2252A(a)(1); *United States v. Prieto-Villa*, 910 F.2d 601, 610 (9th Cir. 1990) (discussing Rule 12(d)'s identical predecessor). The district court failed to do so in this case.

The district court was not relieved of this requirement when defense counsel conceded that there was no factual dispute. Whatever the parties' position, Rule 12(d) required the court to state essential findings of fact based on which it ruled the officers acted reasonably. *See Wright*, 625 F.3d at 602–04.

The importance of adherence to the requirements of Rule 12(d) is underscored in cases such as this, in which several key facts are not clear from the record. *See United States v. Castrillon*, 716 F.2d 1279, 1282–83 (9th Cir. 1983). For example, our review of Martinez's claim that police lacked reasonable

suspicion and probable cause for either search is frustrated by a lack of factual findings as to the timing of the allegedly unconstitutional searches. It is not clear from the body camera video or police statements in the record when police began or resumed the search of Martinez's car relative to the search of his person. It is also not clear if the search of Martinez's person took place when he was removed from the car or after he was placed in handcuffs.

We therefore vacate and remand to the district court in order to allow that court to state its essential findings of fact on the record. The district court, in its discretion, is free to conduct a further evidentiary proceeding and, if appropriate, to reconsider its ruling on the motion to suppress. Our panel retains jurisdiction over any appeal taken from a further order of the district court.

**VACATED and REMANDED.**[1]

---

[1] Costs are taxed against the government. *See* Fed. R. App. P. 39(a)(4).

3